E-FILED
Wednesday, 21 October, 2026 02:59:53 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| Parminder Singh, | ) |
| individually | ) |
| and on behalf of all persons | ) |
| similarly situated working | ) CASE NO:**25-cv-2174** |
| for Defendants | ) |
| as Class representative for the | ) |
| members of the FLSA Collective | ) |
| as permitted | ) |
| under the Fair Labor Standards Act | ) Magistrate Judge Eric I. Long |
| and as Class Representative for members | ) |
| of the Rule 23 Class Action | ) |
| Pursuant to the IMWL and IWPCA; | ) |
| Plaintiff, | ) |
| vs. | ) |
| Jasbir Enterprises, Inc. D/B/A | ) |
| Main Package Liquors, | ) |
| Jasbir 1 Enterprises, Inc., D/B/A | ) |
| Main Package Liquors, | ) |
| Jasbir Enterprises D/BA | ) |
| Brazas Cut Rate Liquor | ) |
| Jasbir 1 Enterprises D/BA | ) |
| Brazas Cut Rate Liquor, | ) |
| Jasbir Enterprises Inc. D/BA | ) |
| My Brother Liquors | ) |
| Jasbir 1 Enterprises D/BA | ) |
| My Brother Liquors | ) |
| Minhas Real Estate Inc. D/B/A | ) |
| Little Nugget | ) |
| Tedds Beverage, DNB Food & Liquor Inc. | ) |
| Hoopston Property Management Inc., | ) |
| And | ) |
| Love Minhas | ) |
| Individually | ) **EQUITABLE RELIEF IS SOUGHT** |
| Under FLSA and IWPCA | ) |
| As an Employer | ) **JURY TRIAL DEMANDED** |
| | ) **ON ALL COUNTS** |
| Defendants. | ) |

**PLAINTIFF'S OPPOSED**

**SECOND MOTION TO AMEND**
**PLAINTIFF'S FILED**
**COLLECTIVE AND CLASS ACTION COMPLAINT**
*Instanter*

NOW COMES the Plaintiff, Parminder Singh, by and through his undersigned counsel of record John C. Ireland of the Law Office of John C. Ireland, and moves this Court to allow for filing of a Fourth Amended Complaint, *Instanter*, and in so doing states the following:

**PROCEDURAL HISTORY**

1. On 5/5/2025 Plaintiff filed, pro se, a sixteen-page pro se Complaint alleging various wage claims against a number of Defendants including all those found in the above caption.
2. Plaintiff's pro se Complaint was initially filed in Vermillion County Circuit Court located in Vermillion County Illinois.
3. On 6/11/2025 Defendants moved to Remove the filed wage case from the state court to this Federal Court. (Dkt. #1).
4. On 7/23/2025 Attorney John C. Ireland filed his Appearance for Plaintiff in this litigation. (Dkt. #3).
5. The same day on 7/23/2025 Plaintiff's counsel also filed, pursuant to FRCP 15(a)(1)(A) a First Amended Complaint (Dkt. #4).
6. This First Amended Complaint was based on the prior pro se draft of the claims and review of Defendants' issued paychecks to Plaintiff.
7. On 9/22/2025 Defendants filed a Rule 12(b)(6) Motion to Dismiss. (Dkt. #7)
8. Based on that Motion, Plaintiff sought and was allowed to file a Second Amended Complaint. (Dkt. #8)

9. This Second Amended included claims for owed wages, especially overtime wages pursuant to the FLSA, IMWL as well as the Illinois Paid Leave Act claims and IWPCA claims.

10. On 2/27/26 Defendants filed an Answer to the Plaintiff's wage claims, and also filed a Counterclaim. (Dkt. #10).

11. The counterclaim named Plaintiff individually as well as Plaintiff's business; Janjua Inc.

12. The counterclaim was founded on Defendants' assistance in the purchase of a truck by Plaintiff and the business Janjua. (Id. ¶¶ 12-13).

13. It was claimed that Plaintiff and Defendants agreed to a shared business contract founded on the purchase of the truck and that Plaintiff Singh would share in the profits from that trucking business with Defendant Minhas. (Dkt #10; generally)

14. Plaintiff filed an Answer and Defenses, based on the alleged joint relationship between the parties. (Dkt #14).

15. Discovery has been issued by both parties, however Defendants' counsel has stated a number of objections, including to Plaintiff's naming of D/B/A's as Defendants.

16. In those discovery communications Defendants have described the Defendants business structures in response to discovery disputes.

17. In response to the Objections and to ensure the proper parties are named, Plaintiff sought and was allowed to file a Third Amended Complaint.

18. In response to this Third Amended Complaint, Defendants filed a 12(b)(6) Motion to Dismiss, which relied upon a large number of outside documents. (See Dkts.#22- 23 and 23-1 to 23-4).

19. While procedurally entirely improper, as a 12(b)(6) should rely solely on the facts contained within the Complaint, rather than delay the case with procedural foot-dragging, Plaintiff seeks instead of forcing the court to rule on Defendants' improper actions, to seek to address the alleged issues via filing of a Fourth Amended Complaint.

20. Attached to this Motion is Plaintiff's proposed Fourth Amended Complaint, which Plaintiff seeks to file Instanter. (Attached to this Motion is Plaintiff's Motion Exhibit 1; Plaintiff's proposed Fourth Amended Complaint).

21. Defendants' complaints included the following: 1) that the FLSA Collective and Class claims should be dismissed because Plaintiff was not a mirror image of all the other similarly situated employees, 2) that the Defendants' IRS 7434 violations were not pleaded with sufficient detail, 3) that the Defendants' violations of the Illinois Paid Leave Act should be limited to the period the law was in place.

**CLASS AND COLLECTIVE HAVE MERIT, AS DEFENDANTS VIOLATE MULTIPLE LAWS VIA THEIR WAGE POLICIES**

22. In response to each Plaintiff now states: as to the class and collective, there are many such cases where the "similarly situated" was the broader allegations of "failure to pay overtime".

23. In *Piazza v. New Albertsons et al.,* Case No. 20-cv-03187. (DC Ill. (Rowland) 2/3/21) Judge Rowland allowed a FLSA Collective to salaried employees to receive notice based on an FLSA misclassification claim based on wrongful salary exemption.

24. Judge Rowland wrote:

> This is precisely the "modest factual showing sufficient to demonstrate that [Piazza] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Russell v. Ill. Bell. Tel. Co.,* 575 F. Supp. 2d. 930, 933 (N.D. Ill. 2008). Piazza alleges a common policy or plan by Defendants to classify all ASDs as exempt

from the overtime requirements of the FLSA even though ASDs were ineligible for that classification based on the duties they performed. That is sufficient. *See Kujat v. Roundy's Supermarkets Inc.,* No. 18 CV 5326, 2019 WL 1953107, at *3 (N.D. Ill. May 2, 2019) *Piazza v. New Albertsons et al.,* Case No. 20-cv-03187. (DC Ill. (Rowland) 2/3/21)

25. Another (and perhaps better) example is found in *Russell v. Illinois Bell Telephone,* 575 F. Supp. 2d 930, 937 (N.D.Ill. (Kennelly) 2008) allowing an off-the-clock collective notice to employees in four separate call centers. In Russell the Plaintiff alleged a common policy of off-the-clock work before and after shifts and its broad application to anyone covered by the policy. Further Plaintiff Russell sought a Collective including ten (10) job titles: "Sales and Service Consultant"; "Sales Consultant"; "Sales Associate"; "Universal Sales Consultant"; "Sales and Service Representative"; "Customer Service Representative"; "Sales and Customer Service Associate"; "Retention Service Agent"; "Collection Specialist"; and "Inside Sales Representative."" (*Id.* at 933).

26. Thus Plaintiff Russell's request was not limited to just one title, rather was based on the application of the Defendants' time keeping policy of off-the-clock work via a computer log-in process to all employees affected by the employer's policy. (*Id* at 934). The Defendants in *Russell*, like here, objected that the only affidavits presented by Plaintiffs were from just one job title (not ten), thus, per Defendants, the proofs of similarly situated was lacking for the other nine job titles. The court found that not correct:

a. Courts in the Seventh Circuit have defined "similarly situated" in various ways. *See* ***Acevedo v. Ace Coffee Bar, Inc., 248 F.R.D. 550, 555 (N.D.Ill.2008)***. Some have found that the potential collective action participants must "perform[ ] the same type of duties as the named plaintiff." *Id.* (internal quotation marks and citations omitted). Others have found that the plaintiffs need only show that they and the potential collection action participants members "were victims of a

> common policy or plan that violated the law." *Id.* (internal quotation marks and citations omitted).(Id at 937)

27. However, despite the fact that there is caselaw supporting Plaintiff class claims, and Defendants blatantly have failed to pay overtime to hundreds of class members over the last four years, Plaintiff Singh agrees to withdraw the class and collective claims to allow the case to go forward without undue delay and for efficiency of the court.

7434 CLAIMS NOT FOUND IN THIS FOURTH AMENDED COMPLAINT

28. Plaintiff Singh is also not pursuing in this fourth amended complaint his IRS fraud claims against Defendants.

ILLINOIS PAID LEAVE (IPL) CLAIMS GOVERNED BY THE LAW, (AS ALL CLAIMS ARE GOVERNED BY LAW)

29. Lastly Plaintiff also reasserts his Illinois Paid Leave claims, as the prior Third Amended Complaint plead that the claims were governed by the effective date of 1/1/24, and above and beyond that pleading, all claims are governed by the limits of laws; thus Defendants 12(b)(6) complaint about the start of the law was entirely unnecessary and wasteful as all claims are governed by the limitations of the law (SOL, start date, tolling, etc.)

30. Plaintiff also sought Defendants' counsel agreement or opposition to the attached proposed Amendment and Defendants stated

"…this point, we would like a ruling on our Motion to Dismiss. Additionally, your motion is loaded with arguments we do not agree with. As such, please do not indicate that we do not oppose your motion.

Wherefore Plaintiff asks for the following relief:

1. Leave to file, instanter, the attached draft Fourth Amended Complaint, *instanter*.

2. Other relief that is just and right.

**Respectfully Submitted by __/S/John C. Ireland**
**The Law Office of John C. Ireland**
**636 Spruce Street South Elgin ILL 60177**
**630-464-9675**
**Attorneyireland@gmail.com**

**Dated: October 21, 2026**